UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESUS MATA, individually and on
behalf of similarly situated persons,

                              Plaintiff,                Case No. 19-11662

v.                                        Honorable Nancy G. Edmunds

STA MANAGEMENT, LLC d/b/a
"Domino's Pizza" and AMER ASMAR,
*et al.*,

                              Defendants.

_____/

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER [70] DENYING
DEFENDANTS' MOTION TO COMPEL DOCUMENTS AND DEPOSITIONS [54]**

This is a Fair Labor Standards Act case brought as an "opt in" collective action in which Plaintiff Jesus Mata alleges that Defendants failed to pay their delivery drivers minimum wage.  There have been a number of discovery disputes between the parties, all of which have been referred to Magistrate Judge David R. Grand.  The matter is now before the Court on Defendants' objections (ECF No. 72) to Magistrate Judge Grand's order (ECF No. 70) denying Defendants' motion to compel documents and depositions (ECF No. 54).  Being fully advised in the premises, having read the pleadings, and for the reasons set forth below, the Court OVERRULES Defendants' objections and AFFIRMS the Magistrate Judge's order.

I.      **Background**

Plaintiff Mata brings this action on behalf of himself and other similarly situated delivery drivers employed by Defendants at their Domino's Pizza stores.  (ECF No. 14.) Plaintiffs allege they were reimbursed less than the reasonable approximate cost of the

use of their own cars, constituting a reduction in their gross earnings.  Because the drivers were being paid minimum wage, this reduction allegedly resulted in them being paid less than minimum wage.  More specifically, Plaintiffs claim that because Defendants reimburse them via a "per-delivery reimbursement" irrespective of the number of miles driven, this is less than the reasonably approximate amount of their automobile expenses.

This discovery dispute arose during the pre-class certification stage of discovery. The parties have stipulated that during this stage, they will only conduct discovery necessary to address class certification issues, the scope of the allegedly illegal policy or policies, and the number of impacted class members.  (ECF No. 29.)  Defendants moved to compel depositions of Plaintiff Mata and the three other individuals who have consented to be opt-in plaintiffs as well as documents that would help establish the "actual costs" of the operation of Plaintiffs' cars during their deliveries so that they can be compared to the actual reimbursements.  (ECF Nos. 54, 61.)  More specifically, with regard to the documents, Defendants sought an order requiring Plaintiffs to identify all vehicles they used to make deliveries by make, model and year; personal miles driven; payments for gas, fuel, oil, and fluids; car insurance payments; maintenance and repairs; tire replacement; "depreciation;" and all other "vehicle-related expenses." Plaintiffs objected to these requests, arguing they are not relevant during this stage of the case.  (ECF No. 59.)

After holding a hearing on Defendants' motion, Magistrate Judge Grand denied it in a written order.  (ECF No. 70.)  Magistrate Judge Grand found that the requested discovery is not relevant in the case's current procedural posture, and that even if it is

arguably relevant, it is not proportional to the case's needs.  Defendants have filed five objections to that order.  (ECF No. 72.)  Defendants argue that their discovery requests seek information that is "critical" to determining whether the potential class is similarly situated.  Plaintiffs oppose Defendants' objections.  (ECF No. 77.)

## II.  Standard of Review

Under both 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), a district judge may reconsider any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law."  The clearly erroneous standard applies only to the magistrate judge's factual findings.  *Visteon Global Techs., Inc. v. Garmin Int'l, Inc.*, 903 F. Supp. 2d 521, 524-25 (E.D. Mich. 2012) (internal quotation marks and citations omitted).  A finding is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).  If two or more permissible views of the evidence exists, a magistrate judge's decision cannot be clearly erroneous.  *See Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).  The magistrate judge's legal conclusions are reviewed under the contrary to law standard. *Visteon Global Techs.*, 903 F. Supp. 2d at 524-25 (internal quotation marks and citations omitted).  "A legal conclusion is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Robinson v. Allstate Ins. Co.*, No. 09-10341, 2011 U.S. Dist. LEXIS 81316, at *6 (E.D. Mich. July 26, 2011) (citation omitted).  The Court must use independent judgment when reviewing a magistrate judge's legal conclusions.  *Id.*  When a discovery order centers on a magistrate judge's determination of relevance, district courts have used the abuse of

3

discretion standard, finding this standard appropriate in light of the broad discretion a court has over discovery matters.  *See Moore v. Westgate Resorts, L.P.*, No. 3:18-CV-00410-DCLC, 2020 U.S. Dist. LEXIS 224283, at *3-4 (E.D. Tenn. Nov. 20, 2020) (citing *Equal Emp't Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484-85 (N.D. Cal. 2014)).

## III.   Analysis

 Defendants first argue that the Magistrate Judge erred by finding the requested discovery not needed "because a motion to dismiss was more appropriate."  (ECF No. 72, PgID 1755.)  The Magistrate Judge, in finding that the requested discovery is not relevant, noted that Plaintiffs do not allege that Defendants failed to reimburse their actual costs, but rather that they reimbursed them less than the reasonable approximate amount of their automobile expenses.  (ECF No. 70, PgID 1712.)  The Magistrate Judge stated that if it was Defendants' position that this theory is untenable under the law, then the solution would be to move to dismiss the claim, rather than move to take discovery for a claim Plaintiffs are not making.  The Court finds no error in this reasoning.  Thus, Defendants' first objection is overruled.

Defendants next argue that the Magistrate Judge erred by finding the requested discovery irrelevant at this stage of the case.  In so doing, Defendants repeat the same arguments previously made before the Magistrate Judge.  Even in the case of a report and recommendation which warrants de novo review, rather than the more deferential standard of review applicable here, courts have noted that they are not obligated to address objections made in this form.  *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 U.S. Dist. LEXIS 44411, at *8 (W.D. Mich. Mar. 28, 2013) (noting such

objections undermine the purpose of the Federal Magistrate's Act, which is "to reduce duplicative work and conserve judicial resources") (citations omitted).  Nonetheless, the Court has reviewed the Magistrate Judge's order and finds no error.  And while the Magistrate Judge's reasoning focused on Defendants' request for records, his order clearly denies the request for depositions as well.  Accordingly, Defendants' second objection is overruled.

Third, Defendants argue the Magistrate Judge erred by finding "that the Plaintiff does not possess the requested records despite admission by Plaintiff's counsel that Plaintiff does possess some of the requested records."  (ECF No. 72, PgID 1763.) However, the Magistrate Judge did not rest his conclusion on this finding and found the requested discovery unnecessary at this stage.  (*See* ECF No. 71, PgID 1729-30.) Defendants' third objection is overruled.

Defendants' fourth objection is that the Magistrate Judge erred by finding the requested discovery not proportional to the case's needs.  Defendants argue that the Magistrate Judge appeared to base this finding in part on his relevance determination. In fact, the Magistrate Judge reasoned that because "the discovery requests are a wild goose chase that could not possibly allow for the type of comparison Defendants propose, at least not in any meaningful way," they are not proportionate to the case's need.  (ECF No. 70, PgID 1713.)  The Court finds no error in this regard.  Accordingly, Defendants' fourth objection is overruled.

Finally, Defendants argue that the Magistrate Judge erred by finding that the requested discovery is irrelevant based on Defendants' election to approximate driver expenses.  However, the Magistrate Judge simply noted that the unworkability of the

cost-reimbursement approach is why Defendants chose to use a different method to reimburse their drivers in the first place.  There is no error in this reasoning and Defendants' fifth objection is overruled.

In sum, it was within the Magistrate Judge's discretion to conclude that the requested discovery is irrelevant in the pre-class certification stage of this case and, alternatively, that even if it is arguably relevant, it is not proportional to the needs of the case.  Therefore, the Court affirms the Magistrate Judge's order denying Defendants' motion to compel discovery and depositions.

## IV.    Conclusion

For the foregoing reasons, the Court OVERRULES Defendants' objections and AFFIRMS the Magistrate Judge's order.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 15, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 15, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager