UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESUS MATA, individually and on
behalf of similarly situated persons,

                              Plaintiff,                  Case No. 19-11662

v.                                           Honorable Nancy G. Edmunds

STA MANAGEMENT, LLC
d/b/a "Domino's Pizza" and
AMER ASMAR, *et al.*,

                              Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR FLSA
CONDITIONAL CERTIFICATION AND NOTICE [63], GRANTING PLAINTIFF'S
MOTION TO FILE SUPPLEMENTAL EXHIBITS [86], AND DENYING WITHOUT
PREJUDICE PLAINTIFF'S MOTION FOR EQUITABLE TOLLING [99]**

This is a Fair Labor Standards Act ("FLSA") case brought as an "opt in" collective

action in which Plaintiff Jesus Mata alleges that Defendants failed to pay their delivery

drivers minimum wage.  The matter is before the Court on Plaintiff's motion for FLSA

conditional certification and notice pursuant to 29 U.S.C. § 216(b).[1]  (ECF No. 63.)

Defendants oppose the motion.  (ECF No. 75.)  Plaintiff has filed a reply.  (ECF No. 78.)

After briefing on the motion for conditional certification was complete, Plaintiff filed a

motion seeking leave to file supplemental exhibits in further support of the motion.  (ECF

No. 86.)  Defendants also oppose that motion, (ECF No. 89), and Plaintiff has filed a reply,

(ECF No. 90).  More recently, Plaintiff filed a motion seeking an order tolling the statute

---

[1] Plaintiff also brings a claim under Michigan minimum wage law.  Plaintiff's motion
for Rule 23 class certification based on that claim remains pending before the Court and
will be addressed on a future date.  (*See* ECF No. 93.)

of limitations for all putative collective members.  (ECF No. 99.)  Defendants oppose that

motion as well, (ECF No. 102), and Plaintiff has filed a reply, (ECF No. 103).  The Court

finds that the decision process would not be significantly aided by oral argument.

Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), Plaintiffs' motions

will be decided on the briefs and without oral argument.  For the reasons set forth below,

the Court GRANTS Plaintiff's motion for FLSA conditional certification and notice,

GRANTS Plaintiff's motion for leave to file supplemental exhibits, and DENIES WITHOUT

PREJUDICE Plaintiff's motion for equitable tolling.

I.      Background

Plaintiff Mata brings this action on behalf of himself and other similarly situated

delivery drivers employed by Defendants at their Domino's Pizza stores.  (ECF No. 14.)

Since the original complaint was filed, four additional plaintiffs have joined this lawsuit by

filing consent to join forms.  (ECF Nos. 7, 31, 53, 85.)  Defendant STA Management, LLC

("STA") owns and operates at least fifty-two Domino's stores and Defendants collectively

employ hundreds of pizza delivery drivers.  Defendant Amer Asmar is an owner, officer,

and director of STA.  Defendants all use the same STA Management Team Member

Handbook.   (ECF No. 63-3.)   Defendant Northwest Professionals manages and

processes payroll for many of STA's stores.  Defendant STA requires drivers to maintain

and pay for safe, legally-operable and insured automobiles when they delivery pizza and

other food items.  STA also requires the drivers to submit periodic vehicle inspections to

verify the general operating conditions of the vehicles driven on their behalf.

Defendants do not pay drivers the actual expense of owning and operating a

vehicle for pizza delivery but rather use a per-delivery reimbursement policy.   Plaintiff

alleges this policy is fundamentally flawed because the flat reimbursements amount to less than the reasonable approximate amount of the drivers' automobile expenses. Because the drivers were being paid minimum wage, the unreimbursed vehicle costs allegedly caused the drivers' wages to fall below the minimum wage in violation of the FLSA (nominal wages – unreimbursed vehicle costs = subminimum net wages).

After Plaintiff filed his amended complaint and served Defendants in this matter, the parties stipulated that discovery would proceed in two phases. (ECF No. 29.) During the pre-class certification stage of discovery, the parties agreed they would only conduct discovery necessary to address class certification issues, the scope of the allegedly illegal policy or policies, and the number of impacted class members. There have been a number of disputes between the parties during this first stage of discovery, all of which have been referred to Magistrate Judge David R. Grand. Of relevance here, Defendants moved to compel depositions of Plaintiff Mata and the three other individuals who had consented to be opt-in plaintiffs at the time, as well as documents that would help establish the "actual costs" of the operation of drivers' cars during their deliveries so that they can be compared to the actual reimbursements. (ECF Nos. 54, 61.) More specifically, with regard to the documents, Defendants sought an order requiring the plaintiffs to identify all vehicles they used to make deliveries by make, model and year; personal miles driven; payments for gas, fuel, oil, and fluids; car insurance payments; maintenance and repairs; tire replacement; "depreciation;" and all other "vehicle-related expenses." Plaintiff objected to these requests, arguing they are not relevant during this stage of the case. (ECF No. 59.) Magistrate Judge Grand denied Defendants' motion, finding the requested discovery not relevant in the case's current procedural posture, and

that even if it was arguably relevant, it was not proportional to the case's needs.  (ECF No. 70.)  Defendants objected to that order, arguing their discovery requests sought information that is "critical" to determining whether the potential class is similarly situated. This Court overruled those objections.  (ECF No. 97.)

## II.   Plaintiff's Motion for Leave to File Supplemental Exhibits

Plaintiff seeks leave to file two supplemental exhibits: excerpts from the deposition of the corporate designee for Defendant STA which took place after briefing of Plaintiff's motion for conditional certification was complete and the declaration of the opt-in plaintiff who filed his consent afterwards as well.  (*See* ECF Nos. 86-2, 86-3.)  Plaintiff argues these documents lend further support to the proposition that he and the putative collective are similarly situated.   Defendants oppose the filing of these exhibits.   Defendants' response revolves in large part around their contention that Plaintiff has engaged in gamesmanship.   More specifically, Defendants assert that Plaintiff chose to move for certification prematurely and strategically months before the deadline and while Defendants' motion to compel was still pending.   According to Defendants, Plaintiff "proceeded at his own peril" and therefore should not be allowed to supplement his motion at a later date.

Defendants first made the argument regarding the timing of Plaintiff's motion for conditional certification in their response to that motion.  By the time Defendants filed their response to the motion for leave to file supplemental exhibits, Magistrate Judge Grand had denied Defendants' motion to compel.  Defendants acknowledge this fact but note that as of the date of the response, their objections to that order were still pending.  The Court has since overruled those objections.  (ECF No. 97.)  Thus, Defendants' position

rests in part on an argument—that the discovery they sought to compel is critical to whether the collective is similarly situated—that has been rejected by this Court. Moreover, the Court finds Defendants' assertion that the additional evidence will prejudice them unpersuasive.  And Defendants do not dispute the evidence Plaintiff seeks leave to file is relevant.  Thus, the Court grants leave, accepts the exhibits for filing, and considers them below as part of its analysis regarding conditional certification.

### III.    Plaintiff's Motion for FLSA Conditional Certification and Notice

Plaintiff seeks conditional certification under § 216(b) of the following collective:

All individuals who delivered pizza and other food items for any of the Defendants using their own vehicles at any time since June 5, 2016 (the "FLSA Collective").

#### A.    Standard

Section 216(b) of the FLSA permits individuals to sue on "their own behalf and for 'similarly situated' persons." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).  There are two requirements for this type of suit, which is called a "collective action." *Id.*  First, "the plaintiffs must actually be similarly situated," and second, "all plaintiffs must signal in writing their affirmative consent to participate in the action." *Id.* at 546 (internal quotation marks and citations omitted).  This is in contrast to "the opt-out approach utilized in class actions" under Federal Rule of Civil Procedure 23. *Id.* Accordingly, the district court must first consider whether the plaintiff has shown that the employees to be notified of the collective action are, in fact, similarly situated. *Id.*  If the plaintiffs meet this burden, then the district court may exercise its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit. *Id.*

"Although the phrase 'similarly situated' is undefined, the Sixth Circuit has recognized that district courts typically follow a two-stage certification process to determine whether the opt-in plaintiffs and lead plaintiffs are similarly situated." *Fisher v. Mich. Bell Tel. Co.*, 665 F. Supp. 2d 819, 825 (E.D. Mich. 2009) (internal quotation marks and citations omitted).  The first stage of certification, also known as the "notice stage," takes place early in the litigation.  *Id.* at 825 (citing *Comer*, 454 F.3d at 546).  During this stage, the district "court determines whether the suit should be conditionally certified as a collective action so potential opt-in plaintiffs can be notified of the suit's existence and of their right to participate."  *Id.* at 825 (internal quotation marks and citation omitted).  The second stage occurs much later—after all the opt-in forms have been received and discovery has concluded.  *Id.*

During the notice stage, Plaintiff "'bear[s] the burden of showing that the opt-in plaintiffs are similarly situated to the lead plaintiff[].'"  *Id.* at 825 (quoting *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 584 (6th Cir. 2009)).  This standard is "less stringent" than the showing required of a plaintiff who seeks class certification under Federal Rule of Civil Procedure 23, and Plaintiff may meet this burden by establishing that his claim and the claims of the opt-in plaintiffs are "'unified by common theories of [D]efendants' statutory violations, even if the proofs of those theories are inevitably individualized and distinct.'"  *Id.* at 825 (quoting *O'Brien*, 575 F.3d at 585).  Moreover, "the plaintiff must show only that his position is similar, not *identical*, to the positions held by the putative class members.'"  *Id.* at 825 (quoting *Comer*, 454 F.3d at 546-47).  This is a "fairly lenient" standard, entailing a "modest factual showing" that Plaintiff and the potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law."  *Id.* at

825 (internal quotation marks and citation omitted.)  In analyzing the evidence put forward by the plaintiff, "[t]he Court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."  *Id.*

### B.   Analysis

Plaintiff argues that he and putative collective members performed the same job duties, were reimbursed on a per-delivery basis, were subject to the same employment policies across all locations, and were paid a sub-minimum wage rate.  Plaintiff requests the Court therefore certify the proposed collective.  Defendants make several arguments in opposition of conditional certification.

Defendants first argue that Plaintiff has not shown that they violated the minimum wage laws.  Relatedly, Defendants argue Plaintiff has not made a showing that the collective was subject to a widespread unlawful policy or plan.  However, the Court does not "decide substantive issues on the merits" during the first stage of certification.  *See Fisher*, 665 F. Supp. 2d at 826.  "[T]he focus of [the inquiry at this stage] is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are similarly situated with respect to their allegations that the law has been violated."  *See Jimenez v. GLK Foods LLC*, No. 12-C-0209, 2013 U.S. Dist. LEXIS 106386, at *10 (E.D. Wis. July 30, 2013) (internal quotation marks and citations omitted).

Defendants acknowledge that all delivery drivers were reimbursed on a per-delivery basis.  (ECF No. 26, PageID.319; ECF No. 86-2, PageID.2739.)  According to his declaration, Plaintiff was paid at a rate of approximately $7.40 per hour and reimbursed approximately $1.04 per delivery.  (ECF No. 63-4, PageID.1313-14.)  At about 6-8 miles per delivery, this flat reimbursement amounted to $.13-$1.73 per mile driven,

which he alleges is "far less" than the expenses incurred.  According to his declaration,
opt-in plaintiff Marcellous Upcurch, who worked in two of Defendants' stores, was paid at
a rate of $7.50 per hour at both locations and reimbursed $1.25 per delivery.  (ECF No.
63-5, PageID.1315-16.)  At approximately 5 miles per delivery, this flat reimbursement
amounted to $0.20-0.25 per mile driven, also allegedly "far less than the expenses [he]
actually incurred."  And opt-in plaintiff Aaron Gilbert states in his declaration that he was
paid at a rate of $8.40 per hour and was reimbursed $1.00 per delivery.  (ECF No. 86-3,
PageID.2755-56.)  At around 7 miles per delivery, he estimates he received only $0.14-
20 per mile driven, "far less" than the expenses actually incurred.  All three drivers state
they are aware of other drivers employed by Defendants who were subject to the same
allegedly inadequate reimbursement policy.

Defendants argue this evidence is insufficient to show that Plaintiff and the
collective are similarly situated because there are differences in the per-delivery
reimbursements and each driver was paid a different total hourly compensation.[2]
Defendants also argue that each driver drove a different car and thus incurred unique
vehicle expenses.  For purposes of certification, however, "disparate factual and
employment settings of the individual plaintiffs should be considered at the second stage
of analysis."  *See Fisher*, 665 F. Supp. 2d at 827; *see also Smith v. Pizza Hut, Inc.*, No.
09-cv-01632-CMA-BNB, 2012 U.S. Dist. LEXIS 56987, at *18 (D. Colo. Apr. 21, 2012)
("The mere possibility that some members of the proposed class may have different

---

[2] Defendants point to discrepancies in the reimbursement rates among the ten
stores that have been subject to discovery in this matter.  (*See* ECF No. 75-1.)  The Court
notes, however, that even though there are some differences, there are also significant
similarities.  For example, in 2018, the reimbursement rates ranged between $1.03 and
$1.24 per delivery for nine of the ten stores.

damages (or no damages at all) is not reason to refuse to notify all potential class members in the first instance."). For this reason, courts have explicitly rejected similar arguments made in opposition of conditional certification. *See, e.g.*, *Westley v. CCK Pizza Co., LLC*, No. 18-13627, 2019 U.S. Dist. LEXIS 93015, at *13 (E.D. Mich. June 4, 2019); *Smith*, 2012 U.S. Dist. LEXIS 56987, at *16-18. Most of the cases Defendants rely upon to argue employees must provide evidence of vehicle costs were at different stages of litigation and thus involved courts applying different burdens of proof. *See Garcia v. Saigon Mkt. LLC*, No. 15-CV-9433 (VSB), 2019 U.S. Dist. LEXIS 163259, at *30-32 (S.D.N.Y. Sept. 24, 2019) (motion for summary judgment); *Adame v. Evir Corp.*, No. 18 Civ. 2969 (PAC), 2019 U.S. Dist. LEXIS 121732, at *7 (S.D.N.Y. July 22, 2019) (motion to dismiss); *Garcia v. Frog Island Seafood, Inc.*, 644 F. Supp. 2d 696, 708 (E.D.N.C. 2009) (motion for summary judgment). And while the court in *Guan Ming Lin v. Benihana Nat'l Corp.*, 755 F. Supp. 2d 504, 507, 512 (S.D.N.Y. 2010), denied a motion for conditional certification of a FLSA collective after noting in part that the plaintiffs had not included in their declarations the amount they expended on purchasing and maintaining their vehicles, there, the plaintiffs had also not stated whether those costs infringed on their wages so as to reduce them below the minimum threshold and had admitted they drove different types of vehicles—mopeds, motorbikes, and bicycles. Here, Plaintiff and the two opt-in plaintiffs who have provided declarations have set forth the hourly rates at which they were paid and alleged that the flat reimbursements they received fell well below a reasonable estimate of the expenses they incurred, supporting a reasonable inference they were paid at sub-minimum wage rates. And Defendants do not dispute that the delivery drivers drove automobiles.

In sum, while the evidence Plaintiff has submitted is not overwhelming, for purposes of this first lenient stage, Plaintiff has satisfied his burden of making a modest showing he and the potential opt-in plaintiffs are "similarly situated" victims of a common policy or plan that allegedly violated the FLSA.  This result is consistent with orders from district courts throughout the country, which have granted conditional certification of FLSA collectives when delivery drivers allege federal minimum wage violations as a result of pre-delivery reimbursement policies that do not reasonably approximate actual vehicle expenses.  *See Meetz v. Wis. Hospitality Grp. LLC*, No. 16-C-1313, 2017 U.S. Dist. LEXIS 138380, at *12 (E.D. Wis. Aug. 29, 2017) (listing cases).  The Court therefore grants Plaintiff's request to conditionally certify the FLSA collective.

### C.   Proposed Notice

Plaintiff seeks approval of a proposed notice and consent form to be sent to potential opt-in plaintiffs.  (*See* ECF No. 63-32.)  Plaintiff also asks the Court to 1) order Defendants to produce the names and contact information of all collective members within ten business days of the date of this order; 2) allow for issuance of the notice to collective members via first class mail and e-mail within seven days of the contact information being provided; and 3) allow a reminder notice to be sent 45 days prior to the close of the 90-day opt-in period.  While Defendants oppose Plaintiff's motion for conditional certification, Defendants do not raise any specific concerns regarding the proposed notice or explicitly object to any of these requests.

"The Supreme Court has acknowledged that judicial notice to a putative class in FLSA collective actions is proper in 'appropriate cases.'"  *Fisher*, 665 F. Supp. 2d at 828 (quoting *Hoffmann-LaRoche v. Sperling*, 493 U.S. 165, 169 (1989)).  Having determined

that Plaintiff has shown that the delivery drivers to be notified are similarly situated to him,

this Court exercises its discretion to authorize notification of those individuals to allow

them to opt into the lawsuit.  *See id.* at 828.  The Court has reviewed Plaintiff's proposed

notice and finds it appropriate.  As set forth by Plaintiff, after Defendants provide Plaintiff's

attorneys with the contact information of the FLSA collective, Plaintiff may issue the notice

and consent form via first-class mail and e-mail, giving potential plaintiffs 90 days during

which they may opt-in to this lawsuit.  Finally, Plaintiff may issue a reminder notice 45

days prior to the close of the opt-in period to those who have not opted in at the time.

## IV.    Plaintiff's Motion for Equitable Tolling

Plaintiff seeks an order tolling the statute of limitations in this case from the date

his motion for conditional certification was fully briefed to the date the Court rules on the

motion.  Because the statute of limitations for claims under the FLSA continues to run for

collective action members until they file their consent to opt-in forms with the Court, *see*

29 U.S.C. § 256,[3] Plaintiff argues equitable tolling is needed to preserve the claims of

potential plaintiffs.

The doctrine of equitable tolling permits courts to extend the statute of limitations

"on a case-by-case basis," *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998),

but is used "sparingly" by federal courts, *Robertson v. Simpson*, 624 F.3d 781, 784 (6th

Cir. 2010).  The Sixth Circuit has instructed courts to consider the following five factors

when determining whether to apply the doctrine:

> 1) the plaintiff's lack of notice of the filing requirement; 2) the plaintiff's lack
> of constructive knowledge of the filing requirement; 3) the plaintiff's
> diligence in pursuing [his or] her rights; 4) an absence of prejudice to the

---

[3] The applicable statute of limitations is two years for non-willful violations and three years for willful violations.  *See* 29 U.S.C. § 255(a).

11

defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Jackson v. United States*, 751 F.3d 712, 719 (6th Cir. 2014) (citation omitted).   While Plaintiff cites to cases in which equitable tolling was granted due to the delay in deciding a conditional certification motion and granting judicial notice, "[m]ost District Judges in this circuit have concluded that it is improper to equitably toll the claims of potential opt-in plaintiffs who are not yet before the court." *See Brittmon v. Upreach, LLC*, 285 F. Supp. 3d 1033, 1046 (S.D. Ohio 2018) (listing cases).   Because Plaintiff seeks relief on behalf of collective action members who have not yet appeared, Plaintiff's motion is premature. *See Smith v. Guidant Global Inc.*, No. 19-cv-12318, 2021 U.S. Dist. LEXIS 142341, at *27-28 (E.D. Mich. July 30, 2021).   "[I]f and when potential plaintiffs whose claims would otherwise be time-barred choose to opt in to the class, they may move for equitable tolling." *See id.* at *29 (internal quotation marks and citation omitted).   The Court therefore denies Plaintiff's motion for equitable tolling without prejudice.

## V.      Conclusion

For the foregoing reasons, Plaintiff's motion for FLSA conditional certification and notice [63] is GRANTED, Plaintiff's motion for leave to file supplemental exhibits [86] is GRANTED, and Plaintiff's motion for equitable tolling [99] is DENIED WITHOUT PREJUDICE.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge


Dated: September 5, 2021

12

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 5, 2021, by electronic and/or ordinary mail.

<u>s/Lisa Bartlett</u>
Case Manager