UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESUS MATA, individually
and on behalf of similarly
situated persons,

          Plaintiff,          Case No. 19-11662

v.                                Honorable Nancy G. Edmunds

STA MANAGEMENT, LLC
d/b/a "Domino's Pizza" and
AMER ASMAR, *et al.*,

          Defendants.
_____/

## ORDER DISMISSING PLAINTIFF'S STATE LAW CLAIM WITHOUT PREJUDICE AND DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION [93] AS MOOT

This is a Fair Labor Standards Act ("FLSA") case brought as an "opt in" collective action in which Plaintiff Jesus Mata alleges that Defendants failed to pay their delivery drivers minimum wage. Plaintiff's motion for FLSA conditional certification and notice pursuant to 29 U.S.C. § 216(b) was recently granted by the Court. (ECF No. 104.) Plaintiff also brings a claim under Michigan minimum wage law in this lawsuit. Plaintiff's motion for class certification of that claim under Federal Rule of Civil Procedure 23(b)(3) is pending before the Court. (*See* ECF No. 93.) The Court previously entered an order in this matter, ordering Plaintiff to show cause in writing why the Court should not decline to exercise supplemental jurisdiction over his state claim. (ECF No. 105.) Plaintiff has now responded to the Court's order. (ECF No. 106.) Plaintiff asks the Court to retain jurisdiction over the claim.

Courts may decline to exercise supplemental jurisdiction over a state law claim if:

1

>	(1) the claim raises a novel or complex issue of State law,
>	(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>	(3) the district court has dismissed all claims over which it has original jurisdiction, or
>	(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The Supreme Court has recognized the likelihood of jury confusion as an appropriate factor to be considered under § 1367(c). *See Moor v. Cty. of Alameda*, 411 U.S. 693, 716 (1973). When deciding whether to exercise supplemental jurisdiction over a plaintiff's state law claims, courts consider and weigh "the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997) (internal quotation marks and citation omitted). Courts have "broad discretion" in making this determination. *Pinney Dock & Transp. Co. v. Penn Central Corp.*, 196 F.3d 617, 620 (6th Cir. 1999).

As the Court noted in its order to show cause, while a FLSA collective action and a state law class action can "coexist," *see Swigart v. Fifth Third Bank*, 288 F.R.D. 177, 181-82 (S.D. Ohio 2012), there are significant differences between the two. Those differences include the scope of relief available, *see Troyer v. T. John E. Productions, Inc.*, No. 1:09-CV-821, 2010 U.S. Dist. LEXIS 158728, at * 4 (W.D. Mich. June 8, 2010); that a potential plaintiff must opt-in to a FLSA collective action, § 216(b), while putative members of a class action may opt out of the class, Fed. R. Civ. P. 23(c)(2)(B); and that the FLSA's "similarly situated" requirement is less stringent than Rule 23(b)(3)'s requirement that common questions predominate for a class to be certified, *see O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 584 (6th Cir. 2009).

Plaintiff states "the only *significant* additional requirement in state law" relates to the tip credit exemption, (ECF No. 106, PageID.3682 (emphasis added)), but he does not elaborate further on his previous contention that Michigan law provides additional claims and remedies for wage and reimbursement abuses. And both cases Plaintiff provides as examples of instances in which federal courts in this state exercised supplemental jurisdiction over a Michigan wage claim in a FLSA action and made determinations related to Michigan minimum wage law claims arose in the context of a motion to dismiss for failure to state a claim. *See Graham v. The Word Enters. Perry, LLC*, No. 18-cv-0167, 2018 U.S. Dist. LEXIS 101769, at *11-17 (E.D. Mich. June 19, 2018); *Ybarra v. K&S Flooring Servs., LLC*, No. 1:07-CV-1249, 2008 U.S. Dist. LEXIS 15553, at *5 n.3 (W.D. Mich. Feb. 29, 2008). In fact, while the court in *Graham*, 2018 U.S. Dist. LEXIS 101769, at *11-17, denied the motion to dismiss a similar state law claim based on allegations of under-reimbursement of vehicle expenses, it did not address the issue of supplemental jurisdiction. Moreover, the court acknowledged that Michigan state law does not have an anti-kickback provision that requires employers to reimburse employees for expenses taken out for the employer's benefit as does the FLSA and simply concluded "it is plausible that Michigan courts *might* construe" Michigan law to include a similar requirement. *Id.* at *11-12, 17 (emphasis added). Thus, *Graham* actually illustrates an additional difference between the federal and state law claims here as well as the uncertainty surrounding a relevant issue of state law. The court in *Ybarra*, 2008 U.S. Dist. LEXIS 15553, at *5 n.3, did address supplemental jurisdiction, but only in a footnote and the focus of its analysis was whether it even had jurisdiction over the state claim because the defendants had argued federal question jurisdiction over the federal claim was

3

lacking—an argument the court had rejected. And at least one other court in this state has declined to exercise supplemental jurisdiction over a Michigan minimum wage law claim within a FLSA case, citing the differences in damage calculations and the possible jury confusion that may arise as a result. *See* W.D. Mich. Case No. 1:16-cv-00681, ECF No. 18.

In sum, the Court finds Plaintiff's argument regarding efficiency is outweighed by the concerns regarding the differences between the federal and state claims which may complicate this case and give rise to a risk of jury confusion. Even though convenience may weigh in favor of exercising supplemental jurisdiction, considerations of judicial economy and comity weigh in favor of declining to exercise that jurisdiction. And it would not be unfair to Plaintiff to dismiss his state law claim because the dismissal is without prejudice and he can bring his state law claim in state court. The Court therefore declines to exercise supplemental jurisdiction over Plaintiff's Michigan minimum wage claim.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's state law claim found in Count II of his amended complaint is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's motion for Rule 23 class certification of his state law claim (ECF No. 93) is DENIED AS MOOT.

SO ORDERED.

                                                s/Nancy G. Edmunds
                                                Nancy G. Edmunds
                                                United States District Judge

Dated: September 21, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 21, 2021, by electronic and/or ordinary mail.

                                        <u>s/Lisa Bartlett</u>
                                        Case Manager