UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESUS MATA, individually and on
behalf of similarly situated persons,

          Plaintiff,          Case No. 19-11662

v.          Honorable Nancy G. Edmunds

STA MANAGEMENT, LLC
d/b/a "Domino's Pizza" and
AMER ASMAR, *et al.*,

          Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S EMERGENCY
MOTION TO PERMIT NOTICE BY TEXT MESSAGE [112]**

This is a Fair Labor Standards Act ("FLSA") case brought as an "opt in" collective action in which Plaintiff Jesus Mata alleges that Defendants failed to pay their delivery drivers minimum wage. On September 5, 2021, the Court entered an opinion and order granting Plaintiff's motion for FLSA conditional certification and notice pursuant to 29 U.S.C. § 216(b). (ECF No. 104.) In that order, the Court approved Plaintiff's proposed notice and consent form to be sent to potential opt-in plaintiffs and allowed for issuance of the notice via first class mail and e-mail. The matter is now before the Court on Plaintiff's emergency motion to "modify" that order and permit notice by text message.[1] (ECF No. 112.) Defendants oppose the motion. (ECF No. 116.) Plaintiff has filed a reply. (ECF No. 117.)

---

[1] Plaintiff requests expedited review of this motion because 30 days of the 90-day opt-in period had passed at the time of its filing.

1

Plaintiff states Defendants provided him with the names, addresses, and telephone numbers of the potential plaintiffs following issuance of the Court's order but noted they do not have the plaintiffs' e-mail addresses. Despite retaining a third-party administrator, Plaintiff was unable to locate the majority of email addresses and thus requests the Court allow the notice and consent form to be sent via text message to the potential plaintiffs who did not receive notice by e-mail.[2] Defendants argue Plaintiff's motion is an untimely motion for reconsideration and Plaintiff has not shown he is entitled to relief under Eastern District of Michigan Local Rule 7.1(h)(1), which allows for reconsideration, or Federal Rule of Civil Procedure 60(b), which allows a court to alter or amend a final judgment. But the issue of whether to allow notice via text message was not before the Court at the time it issued its initial order nor did the Court address this issue. Thus, those rules are inapplicable here.

As a general matter, many courts have approved notice via text message in addition to e-mail in FLSA collective actions. *See, e.g.*, *Pryke v. First Solar, Inc.*, No. 3:21-CV-00681-JGC, 2021 U.S. Dist. LEXIS 208794, at *7-8 (N.D. Ohio Oct. 29, 2021). And the Court finds that notice via text is warranted under the circumstances here where Plaintiff states over 90% of the putative collective did not receive notice via e-mail.[3] Accordingly, Plaintiff's motion to permit notice by text message is GRANTED. Plaintiff may send a text

---

[2] Plaintiff proposes sending a text message that includes a concise statement of the notice along with a link to the full notice and consent form. (*See* ECF No. 112, PageID.4043.)

[3] Defendants aver that granting Plaintiff's motion will effectively lengthen the notice period, but Plaintiff does not include in his motion a request for an extension of the notice period and confirms in his reply that notice via text can be accomplished within the original 90-day opt-in period.

2

message, as proposed, to the potential opt-in plaintiffs who did not receive notice by e-mail.

    SO ORDERED.

                                              s/Nancy G. Edmunds
                                              Nancy G. Edmunds
                                              United States District Judge

Dated: December 16, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 16, 2021, by electronic and/or ordinary mail.

                                              s/Lisa Bartlett
                                              Case Manager