UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESUS MATA, individually and on
behalf of similarly situated persons,

      Plaintiff,

v.

STA MANAGEMENT, LLC
d/b/a "Domino's Pizza" and
AMER ASMAR, *et al.*,

      Defendants.

Case No. 19-11662

Honorable Nancy G. Edmunds

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION
FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT
AND FOR ATTORNEYS' FEES AND COSTS [156]**

This is an "opt in" collective action filed under the Fair Labor Standards Act ("FLSA") in which Plaintiff Jesus Mata alleges that Defendants failed to pay their delivery drivers minimum wage. Before the Court is Plaintiff's unopposed motion for approval of FLSA collective action settlement and for attorneys' fees and costs. (ECF No. 156.) Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the motion will be decided without oral argument. For the reasons below, the Court GRANTS Plaintiff's motion.

**I.    Background**

Plaintiff Mata brings this action on behalf of himself and other similarly situated delivery drivers employed by Defendants at their Domino's Pizza stores. On June 5, 2019, Plaintiff filed his original complaint in this Court, alleging violations of the FLSA and Michigan minimum wage law. (ECF No. 1.) On September 5, 2021, the Court issued an opinion and order granting Plaintiff's motion for FLSA conditional certification and notice

1

pursuant to 29 U.S.C. § 216(b). (ECF No. 104.) In that order, the Court granted conditional certification of the following collective:

> All individuals who delivered pizza and other food items for any of the Defendants using their own vehicles at any time since June 5, 2016 (the "FLSA Collective").

The Court also approved Plaintiff's proposed notice and allowed Plaintiff to issue the notice and consent form via first-class mail and e-mail, giving potential plaintiffs 90 days during which they may opt-in to this lawsuit. The Court later permitted notice via text message for the potential plaintiffs who did not receive notice by e-mail. (ECF No. 118.) Plaintiff states that to date, 763 individuals (including himself) have opted-in to this case.

Shortly after granting conditional certification of the FLSA collective, the Court declined to exercise supplemental jurisdiction over Plaintiff's state law claim and dismissed that claim without prejudice. (ECF No. 108.) Plaintiff then filed a class action complaint in the Oakland County Circuit Court on October 20, 2021. After a number of settlements conferences with Magistrate Judge David R. Grand and mediation sessions with mediator David A. Kotzian, the parties reached a proposed settlement of this case. Plaintiff now requests the Court issue an order: (1) approving the settlement agreement, including the gross settlement amount of $1,950,000.00, as fair and reasonable; (2) approving attorneys' fees of one-third of the gross settlement amount, in the amount of $650,000.00, plus out-of-pocket litigation expenses; (3) approving a service award to Plaintiffs in the amount of $15,000.00 each; and (4) dismissing this case with prejudice.

**II.** **Legal Standard**

"Any employer who violates the provisions of section 6 or section 7 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid

minimum wages, or their unpaid overtime compensation, as the case may be." 29 U.S.C. § 216(b). "Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory . . . ." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). Thus, "an employee may not waive or otherwise settle an FLSA claim for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's*, 679 F.2d at 1354.

Because the failure to affirmatively opt into a collective action under the FLSA does not prevent potential members from bringing their own lawsuits in the future, FLSA collective actions do not implicate the same due process concerns as Rule 23 class actions. *See Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013). Thus, "[a] one-step settlement approval process in FLSA collective actions is appropriate." *See Osman v. Grube, Inc.*, 2018 U.S. Dist. LEXIS 78222, at *3-4 (N.D. Ohio May 4, 2018); *see also Mygrant v. Gulf Coast Rest. Grp. Inc.*, 2019 U.S. Dist. LEXIS 161911, at *18 (S.D. Ala. Sept. 23, 2019) (noting that the FLSA does not require the Court to hold a fairness hearing prior to the approval of a settlement).[1]

---

[1] The Court-approved notice in this case informed potential plaintiffs that they would be bound by any settlement, (ECF No. 63-32), and each of the opt-in plaintiffs expressly consented to allow Plaintiff to settle this case on his or her behalf.

"In reviewing a settlement of a[] FLSA private claim, a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Williams v. K&K Assisted Living LLC*, 2016 U.S. Dist. LEXIS 9310, at *3 (E.D. Mich. Jan. 27, 2016) (internal quotation marks and citations omitted). "Where a proposed settlement of FLSA claims includes the payment of attorneys' fees, the Court must also assess the reasonableness of the fee award." *Wolinsky*, 900 F. Supp. 2d at 336.

### III. Analysis

#### A. The Court Approves the Settlement Agreement.

Having reviewed the proposed settlement agreement (ECF No. 156-2) and Plaintiff's motion, the Court finds the settlement to be a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

First, there is a bona fide dispute over whether Defendants violated the FLSA's minimum wage provisions. Plaintiff alleges that Defendants' per-delivery reimbursements amounted to less than the reasonable approximate amount of the drivers' automobile expenses, which caused their hourly wages to fall below the minimum wage. Defendants dispute this allegation and contend that their reimbursement scheme was adequate under the law. The parties agree that both sides face risks regarding liability and damages. Among those risks is the risk Plaintiff faces regarding the limitations period in part because Defendants assert that any violations were not willful, and thus a two-year, rather than three-year, statutory limitations period applies.

Second, the Court considers whether the settlement is fair and reasonable. In making this determination, the Court takes into account the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (internal quotation marks and citations omitted); *see also Williams v. Alimar Security, Inc.*, 2017 U.S. Dist. LEXIS 13530, at *5-7 (E.D. Mich. Feb. 1, 2017) (citing *Wolinsky* and analyzing these factors to conclude that the proposed FLSA settlement agreement was fair and reasonable).

Here, all of the relevant factors weigh in favor of finding the settlement agreement fair and reasonable. The gross settlement amount is $1,950,000.00, which is about 102% of Plaintiff's estimate of unpaid wages based on the longest limitations period and Plaintiff's proposed reasonable reimbursement rate of fifty-four cents per mile. Each opt-in plaintiff will receive a minimum payment of $500.00 and a pro rata share of the remainder based on the estimated number of miles driven during the relevant period. In exchange for the settlement benefits, the collective members will release all wage and hour related claims against Defendants. This will enable the parties to avoid significant burdens and expenses in establishing their respective claims and defenses, which, as discussed above, includes serious risks. The Court also finds the settlement agreement to be the product of arm's-length bargaining. Both sides are represented by experienced counsel and there is no reason to believe there was any fraud or collusion involved in reaching the proposed settlement. Indeed, the attorneys on both sides vigorously litigated the case and participated in several settlement conferences and mediation sessions with Magistrate Judge Grand and an independent mediator. Because there is a bona fide

5

dispute over FLSA provisions and all of the factors weigh in favor of finding the proposed settlement fair and reasonable, the Court approves the settlement agreement.

Plaintiff also requests a $15,000.00 service award to him and to Elizabeth Freeman, who is named in the state court matter as a plaintiff along with Mata, for their general release of claims, their dismissal of the state law claims with prejudice, and their efforts in bringing and prosecuting this matter. The Court finds a service award appropriate in this case. *See generally Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (noting that incentive awards are a way of "encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class"). Finding the requested service awards reasonable, the Court approves these awards.

### B. The Court Approves the Requested Attorneys' Fees and Costs.

The Court now turns to the reasonableness of the requested fee award—one-third of the gross settlement amount. The FLSA permits plaintiffs to recover their attorneys' fees and costs under the statute's fee-shifting provision. *See* § 216(b). The percentage-of-the-fund method is regularly used and approved in wage and hour cases. *See Wise v. Popoff*, 835 F. Supp. 977, 980 (E.D. Mich. 1993); *see also Risbrook v. Blue Horseshoe Network*, LLC, 2020 U.S. Dist. LEXIS 264328, at *20 (E.D. Mich. Sept. 4, 2020) (approving an attorneys' fee award in an amount representing 31.5% of the gross settlement amount). More generally, the Court is instructed to consider the following six factors when determining the reasonableness of a requested attorneys' fee award:

> 1) the value of the benefits rendered to the [class], 2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others, 3) whether the services were undertaken on a contingent fee basis, 4) the value of the services on an hourly basis [(the

6

>  lodestar cross-check)], 5) the complexity of the litigation, and 6) the professional skill and standing of counsel involved on both sides.

*Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974) (citations omitted).

All of the *Ramey* factors weigh in favor of finding the requested fee award reasonable. Plaintiff's counsel took this case on a contingency-fee basis and advanced substantial out-of-pocket expenses despite the uncertainty of the outcome. Plaintiff's counsel will continue to represent Plaintiff and the other collective members during the next several months to answer questions about the settlement and distribute settlement checks. The litigation was complex and counsel on both sides of the dispute are experienced and qualified. Society has a stake in rewarding attorneys who take on this type of case. The lodestar cross-check does not counsel against finding the requested award reasonable. Plaintiff's attorneys collectively spent approximately 676.1 hours on this case, resulting in a lodestar of approximately $244,702.50. (ECF No. 156-3, PageID.5217-19.) The Court finds the hourly rates reasonable considering the level of skill and experience of counsel. The lodestar corresponds to a multiplier of about 2.7, which will diminish when Plaintiff's counsel spends additional time on this case in connection with implementing the settlement. The Court finds this multiplier reasonable under the circumstances here. *See Lowther v. AK Steel Corp.*, 2012 U.S. Dist. LEXIS 181476, at *17-19 (S.D. Ohio Dec. 21, 2012) (finding a lodestar multiplier of 3.06 acceptable in a certified class action and citing cases that have approved lodestar multipliers of 4.3 and above). Having considered the relevant factors, the Court approves the requested attorneys' fees award.

7

Plaintiff also requests out-of-pocket litigation expenses. Plaintiff notes that the expenses are currently estimated at $52,549.25 and are not expected to exceed $65,000.00. The request for out-of-pocket litigation expenses is also approved.

## IV. Conclusion

For the foregoing reasons, Plaintiff's unopposed motion for approval of FLSA collective action settlement and for attorneys' fees and costs is GRANTED. The Court will issue a separate judgment dismissing this case with prejudice in accordance with the terms of the settlement agreement. The Court reserves jurisdiction over this action for purposes of supervising the implementation and enforcement of the settlement agreement.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: October 14, 2022


I hereby certify that a copy of the foregoing document was served upon counsel of record on October 14, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager